**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3522-15T4

J.K.,

    Appellant,

v.

NEW JERSEY STATE
PAROLE BOARD,

    Respondent.

_____

Argued June 19, 2017 — Decided September 27, 2017

Before Judges Fisher and Fasciale.

On appeal from the New Jersey State Parole Board.

James H. Maynard argued the cause for appellant (Maynard Law Office, LLC, attorneys; Mr. Maynard, on the brief).

Christopher C. Josephson, Deputy Attorney General, argued the cause for respondent (Christopher S. Porrino, Attorney General, attorney; Lisa A. Puglisi, Assistant Attorney General, of counsel; Mr. Josephson, on the brief).

PER CURIAM

In 2005, a jury convicted J.K. of attempting to lure a twelve-year-old girl into a motor vehicle. He was sentenced to a three-

year probationary term as well as community supervision for life (CSL) pursuant to Megan's Law, N.J.S.A. 2C:43-6.4.[1]

J.K. appeals a final Parole Board decision that denied his request to transfer the CSL portion of the judgment of conviction to Poland; he is not only a United States citizen but also a citizen of Poland. He argues:

> I. THE LEGISLATURE'S EXPLICIT PURPOSE IN ESTABLISHING [CSL] WAS TO (1) PROTECT THE PUBLIC AND (2) FOSTER REHABILITATION. IN THE CASE OF ALL SUPERVISEES, AN INTERNATIONAL TRANSFER CERTAINLY ACCOMPLISHES THE FIRST GOAL; AND, IN MOST CASES, SUCH AS APPELLANT'S, IT ALSO ACCOMPLISHES THE SECOND GOAL.
>
> II. THE REQUESTED TRANSFER DOES NOT CONSTITUTE A "TERMINATION." APPELLANT'S DUTY TO REPORT AND BE SUPERVISED SHALL RESUME IN THE EVENT OF HIS RETURN TO THE UNITED STATES. ONLY A NEW JERSEY SUPERIOR COURT JUDGE MAY TERMINATE APPELLANT'S CSL STATUS.

Recently, another panel of this court reversed a similar Parole Board decision in a near-identical matter. J.S. v. N.J. State Parole Board, __ N.J. Super. __ (App. Div. 2017).[2] For the same reasons, we agree the Board mistakenly interpreted J.K.'s application for transfer as a request for termination of CSL

---

[1] In 2013, J.K. was arrested, charged, and pleaded guilty to a violation of a CSL condition, for which he was sentenced to a thirty-day jail term.

[2] Other than the petitioner there sought to relocate to Sweden, and J.K. seeks to relocate to Poland, there is little to distinguish between J.S. and this appeal.

status. The Board likewise here mistakenly failed to consider whether the Board could supervise or monitor J.K.'s compliance with the conditions of CSL or impose special conditions if he was permitted to relocate to Poland. What we said in J.S. in that regard is equally true here:

> It may be that there are adequate procedures to supervise J.S. consistent with his level of risk and the manner in which he is currently supervised, but the record is devoid of any information about his level of supervision or how that may or may not be able to continue because the Board simply assumed his petition was one for termination and not for permission to transfer residence and supervision. The Board has the ability to impose conditions appropriate for the protection of the public and for rehabilitation. It certainly had the ability to require J.S. to suggest appropriate conditions.
>
> [Id. at __ (slip op. at 8-9).]

And, as in J.S., here too "the Board did not undertake an informed consideration of any conditions that might be appropriate" before simply denying the application. Id. at __ (slip op. at 9). We, thus, join our colleagues in J.S. in deeming "arbitrary" the Board's summary rejection of J.K.'s application. Ibid.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

3